**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5514-17T4

IN THE MATTER OF
APPLICATION FOR PERMIT
TO CARRY HANDGUN
RAMIRO GONZALEZ, JR.

_____

Submitted October 3, 2019 – Decided October 24, 2019

Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County.

Evan F. Nappen, PC, attorneys for appellant Ramiro Gonzalez, Jr. (Louis P. Nappen, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent State of New Jersey (Danielle R. Pennino, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Ramiro Gonzalez, Jr. appeals from the June 14, 2018 order denying, after an evidentiary hearing, his application to renew his gun carry permit pursuant to N.J.S.A. 2C:58-4. We affirm.

Gonzalez initially received a gun carry permit in 2016, without objection from the Cumberland County Prosecutor's Office. He submitted his two-year renewal application to the Chief of Police of the City of Vineland. After an investigation and review of his application, the police chief approved the renewal application and forwarded it to the court for review. The prosecutor, however, objected to Gonzalez's renewal application.

After hearing testimony from Gonzalez and reviewing the documents provided in support of his renewal, the trial court denied his renewal application. The trial court found that Gonzalez failed to establish a "justifiable need" as required by statute and our Supreme Court. In re Preis, 118 N.J. 564 (1990). The trial court acknowledged its mistake in initially granting the permit.

On appeal, Gonzalez argues that the trial court erred by not finding a justifiable need to carry a gun. He also argues for the first time on appeal that the N.J.S.A. 2C:58-4 requirement of justifiable need is unconstitutional. Defendant's constitutional arguments are without sufficient merit to require discussion in a written opinion. R. 2:11-3(e)(1)(E). The justifiable need requirement in N.J.S.A. 2C:58-4(c) and (d) has been found constitutional in Drake v. Filko, 724 F.3d 426 (3d Cir. 2013), and in our decision In re Wheeler,

433 N.J. Super. 560, 590–622 (App. Div. 2013).  We find no basis in the record to depart from that well-reasoned precedent.

Gonzalez's primary argument focuses on how his qualifications and experience in performing statutorily authorized duties, coupled with the known threats of his security work, are sufficient to establish a justifiable need to carry a handgun.  Gonzalez is thirty-four years old and employed as the Director of Operations and in-house Firearms Instructor for RST Security & Investigations, LLC located in Vineland, New Jersey.  The company is owned by two retired state troopers and employs twenty to twenty-five people.

According to the letter from his employer attached to his renewal application, Gonzalez is certified under the Security Officer Registration Act, N.J.S.A. 45:19A-1 to -12, as an armed security officer.  In his capacity as a security officer, he performs statutorily authorized duties under circumstances that present a substantial threat of serious bodily harm to himself and others under his protection.  The employer provided evidence of specific work incidents involving a threat.

The court denied Gonzalez's renewal application for a permit to carry a handgun because he had not demonstrated the justifiable need that is required under N.J.S.A. 2C:58-4 and discussed by our Supreme Court in Preis.  The court

A-5514-17T4

found Gonzalez to be a "model citizen" and "found his testimony to be credible and candid." Not only had Gonzalez "established proficiency with weapons, self-defense, defense of others and property, but [he] is uniquely qualified to teach those who teach others such tactics."

In its opinion, the court focused on the fact that Gonzalez is employed by an agency that, under the Private Detective Act of 1939, N.J.S.A. 45:19-8 to -42, is "authorized to protect persons or property." Citing to our Supreme Court's holding in Preis, the court noted that the Legislature has not carved out an exemption from the strict gun carry provisions for those who are employed by private-detective agencies or private-security agencies. "Only employees of armored-car companies are singled out for special treatment." Preis, 118 N.J. at 569.

The court stated that the "applicant's employer provides services to a number of different entities, some of which would meet the standard set forth by the Preis Court, and some that would not." Renewing the gun carry permit would result in a "generalized issuance of a permit without demonstrable need to carry guns for self-protection from dangers to either self or to others."

We apply a de novo standard of review when reviewing conclusions of law. In re Sportsman's Rendezvous Retail Firearms Dealer's License, 374 N.J.

Super. 565, 575 (App. Div. 2005). We "should accept a trial court's findings of fact that are supported by substantial credible evidence." In re Return of Weapons to J.W.D., 149 N.J. 108, 116 (1997).

We understand the potential employment ramifications for Gonzalez in the denial of his application, especially in light of its initial approval. However, if the court makes a mistaken decision in initially granting a permit, it should not add to the error by its repetition at the time of renewal. After our de novo legal review, we affirm substantially for the reasons expressed in the trial court's comprehensive written opinion attached to its order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION